Simon C. FIREMAN and Aqua–Leisure Industries, Inc., Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 00–597 C.

United States Court of Federal Claims.

April 17, 2001.

Laurence M. Johnson, Boston, MA, attorney of record for plaintiff.

Shalom Brilliant, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, attorney of record for defendant, with whom were David M. Cohen, Director; and Stuart E. Schiffer, Acting Assistant Attorney General.

## OPINION

DAMICH, Judge.

This case is before the Court on the Defendant's motion to dismiss the action pursuant to Rules of the Court of Federal Claims ("RCFC") 12(b)(1) and 12(b)(4). The Plaintiffs Simon C. Fireman and Aqua–Leisure Industries, Inc., are seeking the United States to return those portions of a criminal fine of $1,000,000 and $5,000,000, respective-

ly, imposed for violation of Federal campaign contribution laws that the Court determines to be excessive and in violation of the Eighth Amendment to the United States determines to be excessive and in violation of the Eighth Amendment to the United States Constitution;[1] or, in the alternative, to return the entire amount of the fines imposed on the ground that the $1,000 campaign contribution limit is an unconstitutional abridgment of the First Amendment.[2] For the reasons enumerated below, the Court GRANTS the Defendant's motion to dismiss Count I for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) and Count II for failure to state a claim pursuant to RCFC 12(b)(4).

## I. Background

For the purposes of this motion, we assume, but do not decide, that the following facts alleged by the Plaintiffs are true. On July 10, 1996, an Information containing 74 counts was filed in the United States District Court for the District of Massachusetts. Plaintiff Fireman was charged with one count of conspiracy to defraud the United States by impairing, impeding, defeating, and obstructing the lawful functions of the Federal Election Commission, to make contributions in the name of third persons, and to evade statutory financial transaction reporting requirements in violation of 18 U.S.C. § 371. Fireman was also charged with 68 counts of making contributions in the name of an individual other than the true donor in violation of 2 U.S.C. §§ 441f and 437 b(d). He was also charged with two counts of making contributions in excess of the $1,000 statutory limit in violation of 2 U.S.C. § 441a(a)(1) and 437g(d), and one count of making contributions in excess of the $25,000 statutory limit in violation of 2 U.S.C. §§ 441a and 437g(d).

Plaintiff Aqua–Leisure, a Massachusetts corporation, was charged with 68 counts of making contributions in the name of an individual other than the true donor in violation of 2 U.S.C. §§ 441f and 437g(d). It was also

charged with one count of making contributions in excess of the $1,000 statutory limit in violation of 2 U.S.C. § 441a(a) and § 437g(d).

On October 23, 1996, Fireman pleaded guilty to part of the conspiracy charge and to 7 counts of making contributions in the name of an individual other than the true donor and to 3 counts of making contributions in excess of the statutory limits. He was then sentenced to a term of probation for 1 year, the first 6 months to be served in home confinement with restrictions. He was also ordered to pay a fine of $1,000,000 and a special assessment of $300.

On that same day, Aqua–Leisure pleaded guilty to a violation of making illegal campaign contributions under 2 U.S.C. § 441a(a) and § 437g(d). It was ordered to pay a fine of $5,000,000 and a special assessment of $8,750 and a 4–year period of probation was imposed.

## II. Motion to Dismiss

### A. Standard

The Court of Federal Claims is a court of limited jurisdiction. *United States v. King*, 395 U.S. 1, 3, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969); *Am. Mar. Trans., Inc. v. United States*, 870 F.2d 1559, 1563 (Fed.Cir.1989). Absent Congressional consent to entertain a claim against the United States, this Court lacks authority to grant relief. *United States v. Testan*, 424 U.S. 392, 397–98, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Any grant of jurisdiction to this Court must be strictly construed and all conditions placed upon such grant must be satisfied for this Court to possess jurisdiction. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980); *Cosmic Const. v. United States*, 697 F.2d 1389, 1390 (Fed.Cir.1982).

"[I]n passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." *Scheuer v. Rhodes*, 416 U.S. 232,

---

1. "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. CONST. AMEND. VIII.

2. "Congress shall make no law ... abridging the freedom of speech, or of the press; or the right

of the people peacefully to assemble ...." U.S. CONST. AMEND. I.

236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); accord Hamlet v. United States, 873 F.2d 1414, 1416 (Fed.Cir.1989). However, it is the Plaintiff's burden to plead and to prove the requisite jurisdictional facts to establish the Court's jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). In rendering a decision, the court must presume that the undisputed factual allegations included in the complaint by a plaintiff are true. Miree v. DeKalb County, 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 746 (Fed.Cir.1988).

### B. Discussion

The Plaintiffs present three arguments that this Court has jurisdiction over its claims. First, they claim that the Court has jurisdiction over their claims because the Eighth Amendment implicitly, if not explicitly, provides the Plaintiffs with a substantive right to money damages. Second, the Plaintiffs argue that the Court has jurisdiction over an allegation that the Government illegally exacted from them an excessive fine in violation of the Eighth Amendment of the Constitution. Third, the Plaintiffs argue that the Court has jurisdiction over their claims because the fines were imposed in violation of their rights to freedom of expression and association under the First Amendment.

■ The Plaintiffs invoke the Court's jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1491. The Tucker Act confers jurisdiction upon this Court "over any claim against the United States founded upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States ...." (Pls.' Comp. ¶ 5.) When claims, such as the ones presently before the Court, are not based on any contract, the Tucker Act only confers jurisdiction upon the Court when a substantive right to recover money from the United States is conferred by a separate constitutional provision, statute, or regulation that mandates the payment of money to the Plaintiff. United States v. Mitchell, 463 U.S. 206, 216, 103

S.Ct. 2961, 77 L.Ed.2d 580 (1983); Testan, 424 U.S. at 398, 96 S.Ct. 948 (1976).

■ The Court can easily dispose of the Plaintiffs' First Amendment claim. It is well settled that the First Amendment, standing alone, does not mandate the payment of money. United States v. Connolly, 716 F.2d 882, 887 (Fed.Cir.1983), cert. denied 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984) ("[The First Amendment] merely forbids Congress from enacting certain types of laws; it does not provide persons aggrieved by government action with an action for damages in the absence of some other jurisdiction basis."); Featheringill v. United States, 217 Ct.Cl. 24, 32–33 (1978). Therefore, the Plaintiffs fail to state a claim for which relief can be granted in this Court under RCFC 12(b)(4) for Count II.

Disposing of the Plaintiffs' two Eighth Amendment theories in Count I requires a somewhat greater degree of elaboration. The Plaintiffs cannot maintain that the Eighth Amendment directly provides a substantive right to damages by implication because the Court has consistently maintained that the Eighth Amendment is not money mandating. Litzenberger v. United States, 89 F.3d 818, 820 (Fed.Cir.1996); Bernaugh v. United States, 38 Fed.Cl. 538, 541, aff'd 168 F.3d 1319 (Fed.Cir.1998).

■ However, the Plaintiffs distinguish these cases from the present case insofar as the present case involves a fine imposed by a federal district court pursuant to a guilty plea. Prior decisions which held that the Eighth Amendment did not provide a substantive right to money damages mandating involved civil forfeitures of money. This argument fails for two reasons. First, there is no logical distinction between a civil forfeiture and a criminal fine. The Eighth Amendment does not distinguish between different kinds of fines. It only distinguishes between those fines that are excessive and those that are not. The second and more important reason is that, in order to determine whether the fines were excessive, the Court would have to review the validity of the district court's decision to impose fines. This Court may only review determinations of other tribunals where such jurisdiction has been granted by

statute such as 42 U.S.C. 300aa–12(e)(2) (review of decisions by Special Masters under the Vaccine Act) or in the context of a collateral review of a court-martial determination when the claim itself is predicated on a money-mandating statute. *United States v. Augenblick*, 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537 (1969). There is no statute that gives this Court jurisdiction to collaterally review the acts of a federal district court. Hence, this Court has no jurisdiction over any claim purporting to review criminal fines imposed by federal courts on the ground that the fine violates the Eighth Amendment. *Stell v. United States*, 213 Ct.Cl. 695 (1977); *Vereda Ltda. v. United States*, 46 Fed.Cl. 12, 15 (1999); *Bowman v. United States*, 35 Fed. Cl. 397, 402 (1996).[3]

■ Finally, the Plaintiffs' theory that the Court has jurisdiction because the district court illegally exacted their monies in violation of the Eighth Amendment is likewise unavailing for reasons similar to that of a claim founded directly on the Eighth Amendment.[4] A claim may be heard before the Court "where money or property has been paid or taken [by the government and] ... was improperly taken, paid, exacted or taken from the claimant in contravention of the Constitution, a statute or a regulation." *Eastport Steamship Corp. v. United States*, 178 Ct.Cl. 599, 605, 372 F.2d 1002 (1967). However, the Federal Circuit has decided that this Court does not have jurisdiction over an illegal exaction claim in which this Court was asked to review a civil forfeiture decision by the Drug Enforcement Agency on Eighth Amendment grounds. *Crocker v. United States*, 125 F.3d 1475, 1477 (1997). Quoting *Aerolineas Argentinas v. United States*,[5] the Federal Circuit stated that "[t]he Tucker Act provides jurisdiction in the Court of Federal Claims to recover 'exactions said to have been illegally imposed by federal officials (except where Congress has expressly placed jurisdiction elsewhere)' ... [citations omitted] ... Congress has unambiguously allocated these judicial activities to the district courts." *Id.* In the present case, Congress vested jurisdiction with respect to criminal prosecutions to the federal district courts. 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction ... of all offenses against the laws of the United States"). Similarly, it has been held that this Court lacks jurisdiction to entertain claims for illegal exaction where the challenged exaction consists of a penalty imposed by a district court. *Vereda*, 46 Fed. Cl. at 16; *Bowman*, 35 Fed.Cl. at 401–02. It is true that the Court of Claims did in fact hear an illegal exaction claim which challenged a forfeiture that was related to a district court criminal conviction. *Doherty v. United States*, 205 Ct.Cl. 34, 500 F.2d 540 (1974). However, the *Doherty* opinion does not indicate that the forfeiture was a part of the penalty imposed by a district court. Nevertheless, to the extent that *Doherty* supports an illegal exaction claim challenging a district court-imposed penalty, its precedential weight is extremely doubtful because

---

3. The Plaintiffs claim that this Court has jurisdiction over their claims because the claim of the excessiveness of the fine has not been adjudicated. (Pls.' Opp'n at 16.) It is unclear what the Plaintiffs mean by this statement. While it is true that there was no adjudication on the merits of the underlying criminal offense because the Plaintiffs entered into a plea bargain, the fines imposed by the district court are a integral part of the entered judgment. *Dep't. of Envtl. Res. v. Tri–State Clinical Lab., Inc.*, 178 F.3d 685, 696 (3rd Cir.1999), *cert. denied* 528 U.S. 1075, 120 S.Ct. 790, 145 L.Ed.2d 666 (2000). The very act of imposing the fine constitutes a decision of the district court that the fines are not excessive. Further, the Plaintiffs had several opportunities to challenge the constitutionality of the fines either before the district court itself, through a direct appeal from the district court, or through a habeas corpus petition. Plaintiff Fireman did

file a habeas corpus petition with the district court, but it was denied on the merits. *Fireman v. United States*, 20 F.Supp.2d 229 (D.Mass. 1998).

4. The Court, in a separate action, earlier decided that it had jurisdiction over Plaintiff Fireman's claim that the Federal Election Commission illegally exacted $69,000 of illegal contributions that he made to the Dole for President Committee. *Fireman v. United States*, 44 Fed.Cl. 528, 537. That decision provides a tour of the law of illegal exaction and the Court's analysis of its decision of how this Court had jurisdiction over those claims of Plaintiff Fireman. *Fireman*, Fed.Cl. at 534–537. Here, the Court comes to a different conclusion.

5. 77 F.3d 1564, 1572–73 (Fed.Cir.1996).

it was decided long before the U.S. Supreme Court's decision in *United States v. Mitchell,* which definitively held that the Tucker Act, standing alone, is not a money-mandating statute. *Mitchell,* 463 U.S. at 216, 103 S.Ct. 2961. *See Noel v. United States,* 16 Cl.Ct. 166, 171 (1989).

Further, the Plaintiffs' argument that there is a meaningful distinction between an illegal exaction claim for a civil forfeiture and a criminal fine fails for the same reasons as the same argument failed under a direct claim under the Eighth Amendment. The reasoning of the opinions in the forfeiture cases does not turn on the type of penalty involved, but rather turns on the ground that review of the civil forfeiture cases would require review of a district court judgment. For the same reason, this Court cannot review a fine imposed by the district court.

Finally, the Plaintiffs argue that the Court, in determining whether jurisdiction lies in this case, must presume the truth of its legal conclusion that the imposed fines are unconstitutionally excessive. (Pl.'s Opp'n at 13). No such deference is owed. *Bradley v. Chiron Corp.,* 136 F.3d 1317, 1322 (Fed.Cir. 1998); *Abbott Lab. v. Brennan,* 952 F.2d 1346, 1355 (Fed.Cir.1991).

Therefore, the Court dismisses Count I of the complaint for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1).

### III. Conclusion

For the above-enumerated reasons, the Court GRANTS the Defendant's motion to dismiss Count I of the Complaint for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) and Count II for failure to state a claim pursuant to RCFC 12(b)(4). The Clerk of the Court is directed to enter judgment in favor of the Defendant and to dismiss the Complaint with prejudice.

**IT IS SO ORDERED.**