Randall A. RINNER, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 00–744C.

United States Court of Federal Claims.

Sept. 13, 2001.

Edward Scott Pruitt, Tulsa, OK, for plaintiff.

Heide L. Herrmann, Washington, DC, with whom was Acting Assistant Attorney General Stuart E. Schiffer, for defendant.

## ORDER

MILLER, Judge.

This case is before the court on defendant's motion to dismiss for lack of jurisdiction pursuant to RCFC 12(b)(1) and for failure to state a claim pursuant to RCFC 12(b)(4). The issues for decision are whether a postal employee may bring suit in the Court of Federal Claims seeking compensation for an employee suggestion on theories of breach of contract, breach of implied contract, and *quantum meruit*. Because the claim is preempted by specific legislation that remits an employee to a collective bargaining agreement, the court lacks jurisdiction over plaintiff's claims. Argument is deemed unnecessary.

## FACTS

The following facts are taken from the amended complaint. Randall A. Rinner ("plaintiff") is an employee of the United States Postal Service (the "USPS") in Tulsa, Oklahoma. USPS employees must abide by collectively bargained procedures memorialized in an employee manual, which sets forth procedures for the proposal and evaluation of employee suggestions. Under certain circumstances employees may receive a reward for suggestions adopted by the USPS that save the USPS $250.00 or more. Because employee suggestion award considerations lie outside the USPS's formal grievance procedures, the manual stipulates established procedures by which an employee whose suggestion has been rejected may seek reevaluation. All decisions regarding reevaluation are final.

On or about December 7, 1993, plaintiff initiated a detailed employee suggestion, proposing that USPS reduce the size of certain priority and express mail envelopes to 6⅛″ × 11¼″. The USPS in Tulsa forwarded plaintiff's suggestion to national headquarters in Washington, DC. Three years later the USPS in Washington, DC, informed plaintiff that it had decided not to implement plaintiff's proposed changes. The USPS asserted that while it did introduce a 6″ × 10″ priority mail envelope, the change resulted not from plaintiff's suggestion but from direct customer demand and the prior success of the USPS's international division in using the same size envelope. It further asserted that, because the new envelope did not replace an existing envelope, the USPS would not have achieved any cost savings even if it had implemented the change at plaintiff's behest.

Plaintiff brought suit in the United States District Court for the Northern District of Oklahoma seeking relief for breach of contract, breach of implied contract, and *quantum meruit*. The case was transferred to the Court of Federal Claims pursuant to 28 U.S.C. § 1631 (1994 & Supp. V 1999), because plaintiff sought damages in excess of $10,000.00. Defendant now moves to dismiss plaintiff's claims pursuant to RCFC 12(b)(1) and 12(b)(4) on grounds that this court lacks jurisdiction over plaintiff's

breach of contract and breach of implied contract claims because they are preempted by plaintiff's collective bargaining agreement and that plaintiff's *quantum meruit* claim must be dismissed because the court's jurisdiction does not extend to such equitable remedies.

## DISCUSSION

When a federal court reviews the sufficiency of the complaint, pursuant to a motion to dismiss for lack of subject matter jurisdiction, "its task is necessarily a limited one." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Id.* To this end, the court must accept as true the facts alleged in the complaint, *see Reynolds v. Army & Air Force Exchange Service,* 846 F.2d 746, 747 (Fed.Cir.1988), and must construe such facts in the light most favorable to the pleader. *See Henke v. United States,* 60 F.3d 795, 797 (Fed.Cir.1995) (holding courts obligated "to draw all reasonable inferences in plaintiff's favor"). Whether a court possesses subject matter jurisdiction over a claim depends upon the "court's general power to adjudicate in specific areas of substantive law." *Palmer v. United States,* 168 F.3d 1310, 1313 (Fed.Cir.1999).

Plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Reynolds,* 846 F.2d at 748. Jurisdiction in the Court of Federal Claims is prescribed by the Tucker Act, 28 U.S.C. § 1491(a)(1) (1994 & Supp. V 1999), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

While conferring jurisdiction, the Tucker Act does not create a substantive right enforceable against the United States for monetary damages. *See United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980); *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Thus, a plaintiff must found its claim on a separate statute or regulation permitting recovery. *See Testan,* 424 U.S. at 398–401, 96 S.Ct. 948.

Plaintiff asserts the court's exclusive jurisdiction pursuant to 28 U.S.C. § 1346(a)(2) (1994), arguing that plaintiff's claims neither fall within the jurisdiction of any federal district court nor fall within the purview of a collective bargaining agreement. While it is true that 28 U.S.C. § 1346(a)(2) does not provide federal district courts with jurisdiction over any civil action or claim against the United States exceeding $10,000.00, it does not follow that by default the Court of Federal Claims is required to exercise jurisdiction over such claims. The Tucker Act confers the Court of Federal Claims with jurisdiction only in specified circumstances and without regard to whether the claim could be heard in a federal district court.

Under the Postal Reorganization Act, 39 U.S.C. § 1003(a) (1994 & Supp. V 1999) (the "PRA"), all terms and conditions of employment, including compensation and benefits, are to be determined by collective bargaining. Employee suggestion programs in the USPS are "compensation and benefits" determined by collective bargaining. *Hayes v. United States,* 20 Cl.Ct. 150, 154 (1990), *aff'd,* 928 F.2d 411 (Fed.Cir.1991). Any allegation that the USPS did not comply with the provisions for employee suggestions in its employee manual is an allegation that the USPS violated its collective bargaining agreement. As such, plaintiff's claim constitutes a labor dispute over which the court has no jurisdiction. *See Chin v. United States,* 890 F.2d 1143, 1146–47 (Fed.Cir.1989) ("United States Claims Court lacks subject matter jurisdiction over PRA labor contract claims"); *see also Krug v. United States,* 168 F.3d 1307, 1309 (Fed.Cir.1999).

*Hayes* expressly rejected plaintiff's assertion that decisions relating to awards involv-

ing employee suggestions nevertheless are not personnel decisions subject to collective bargaining provisions. 20 Cl.Ct. at 155. Neither of the cases plaintiff cites in its support contradicts this conclusion, as neither addressed the USPS. *Weber v. Department of the Army,* 9 F.3d 97, 100 (Fed.Cir. 1993), held that consideration of a reward under the Army value engineering program is not a personnel action under the Civil Service Reform Act of 1978, 5 U.S.C. § 2302(a)(2)(A) (the "CSRA"). Similarly, *Ridenour v. United States,* 44 Fed.Cl. 202, 205 (1999), held that consideration of a reward under the social security administration's employee suggestion program is not a personnel action for purposes of jurisdiction under the CSRA. The USPS, however, is unique in that Congress established an employee grievance system for the USPS that is distinct from the traditional civil service merit system at issue in those cases. *See Chin,* 890 F.2d at 1146 (Fed.Cir.1989). One consequence is that, while employees in other federal agencies may sue in the Court of Federal Claims for disputes related to employee suggestion programs, employees of the USPS may not. *Hayes,* 20 Cl.Ct. at 157.

Not only does the court lack subject matter jurisdiction, but the complaint fails to state a claim upon which relief can be granted because plaintiff failed to follow the specific procedures required by the USPS's employee suggestion program for expressing his dissatisfaction. In the USPS handbook, an employee may request that the USPS's Management Awards Review Committee reevaluate a decision not to adopt a suggestion. Plaintiff has not alleged that he utilized the procedure for reevaluation. Even assuming plaintiff's compliance, any decision rendered by the committee would have been final.

Plaintiff argues that the USPS's employee suggestion reevaluation procedures do not control because his claim is one for compensation for his suggestion, not reevaluation of the USPS's decision not to compensate him for it. Plaintiff maintains that the court should enforce the USPS's obligation to compensate him "through principles of equity and unjust enrichment." Pl.'s Br. filed Aug. 7, 2001, at 6. The Tucker Act, however, does not confer power to enforce promises through principles of equity and unjust enrichment, no matter how compelling a plaintiff's equitable claim may be. "We may exercise equitable powers as an incident to our general jurisdiction, for example, reforming a contract and enforcing it as reformed in an action at law. But our general jurisdiction under the Tucker Act does not include an action for 'specific equitable relief.'" *Carney v. United States,* 199 Ct.Cl. 160, 163–64, 462 F.2d 1142, 1145 (1972).

### CONCLUSION

Accordingly, based on the foregoing, defendant's motion to dismiss pursuant to RCFC 12(b)(1) is granted, and the Clerk of the Court shall dismiss the complaint without prejudice for lack of jurisdiction.

**IT IS SO ORDERED.**

No costs.