Rafael A. RUIZGARCIA, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 01–478C.

United States Court of Federal Claims.

Aug. 23, 2002.

Rafael A. RuizGarcia, Ft. Leavenworth, KS, pro se.

Eric Joseph Nestor, Elizabeth Gillis Candler, U.S. Department of Justice Civil Div.–Commercial Litigation Br., Washington, DC, for defendant.

## OPINION AND ORDER

WILSON, Judge.

This military pay action is before the Court on defendant's motion to dismiss for failure to state a claim upon which relief can be granted[1] and plaintiff's motions for summary judgment and discovery. For the reasons set forth below, defendant's motion is **GRANTED** and plaintiff's motions are **DENIED**.

## BACKGROUND

On February 1, 1993, plaintiff voluntarily enlisted in the United States Marine Corps for an eight-year term, comprised of four years of active duty and four years of inactive reserve duty. In August 1996, plaintiff was charged with violating the Uniform Code of Military Justice (UCMJ). The charges were referred to a general court-martial, and on December 5, 1996, plaintiff entered into a government-sponsored pre-trial agreement.

Pursuant to the pre-trial agreement, plaintiff pleaded guilty to larceny, including theft of military explosives, wrongful sale of explosives, robbery, and assault and battery. He was sentenced to confinement for eighteen years, forfeiture of all military pay and allowances, and a dishonorable discharge. Two weeks after sentencing, plaintiff's military pay was terminated pursuant to 10 U.S.C. § 857(a), which provides that a forfeiture of pay takes effect upon approval by a Convening Authority of the sentence *or* fourteen days after sentencing, whichever is earlier. The active duty period of plaintiff's enlist-

ment expired on February 1, 1997. On March 18, 1997, the Convening Authority approved the sentence of the general court-martial, but suspended plaintiff's confinement in excess of twelve years plus twelve months. Compl. at Attach. 6.

On mandatory appellate review pursuant to 10 U.S.C. § 866, the Navy–Marine Corps Court of Criminal Appeals (NMCCA) upheld the sentence. *United States v. RuizGarcia*, 54 M.J. 339 (N–M.C.Ct.Crim.App.1998). The United States Court of Appeals for the Armed Forces (CAAF) denied plaintiff's petition for review. *United States v. RuizGarcia*, USCA No. 98–0942/MC, Order of December 3, 1998, 51 M.J. 271 (C.A.A.F.1998). After several unsuccessful collateral attacks on his conviction, plaintiff filed this action in the Court of Federal Claims. Plaintiff seeks back pay and allowances with penalty interest, a change in his recorded duty status to inactive reserves when his active enlistment expired in February 1997, and a change in the nature of his pending discharge from the United States Marine Corps from dishonorable to honorable.

## DISCUSSION

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). If the facts alleged in the complaint "reveal any possible basis on which the non-movant might prevail, the motion must be denied." *W.R. Cooper Gen. Contractor, Inc. v. United States*, 843 F.2d 1362, 1364 (Fed.Cir.1988). Recognizing that *pro se* complaints should be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), and that briefs filed by *pro se* litigants are held to a less stringent standard than formal briefs filed by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980), the Court has broadly interpreted plaintiff's claims.

---

**1.** RCFC 12(b) was revised on May 1, 2002 to conform with the Federal Rules of Civil Procedure Rule 12(b). The defense of "failure to state a claim upon which relief can be granted," enumerated as 12(b)(4) at the time of defendant's motion, is now contained in 12(b)(6).

## I. Duty Status

■ Plaintiff claims that the Convening Authority's March 18, 1997 approval of his general court-martial sentence was invalid and thus did not terminate plaintiff's entitlement to pay. Plaintiff argues that his term of active duty enlistment expired prior to the Convening Authority's approval of his sentence, albeit after his guilty plea, and thus his sentence violated JAG Manual Subsection 0123, which prohibits sentencing to confinement or the service of "any punishment or any restraint on liberty during a period *other than a period of inactive duty training or active duty*" (emphasis added). Plaintiff further argues that his sentence violated UCMJ Article 2(d), codified at 10 U.S.C. § 802(d)(1), which provides that "[a] member of a reserve component who is not on active duty and who is made the subject of proceedings under Section 815 (Article 15) or Section 830 (Article 30) with respect to an offense under this chapter may be ordered to active duty for the purpose of ... (B) trial by court martial...." Plaintiff claims that the Convening Authority's approval of the general court-martial sentence was invalid because he was not first called into active duty.

Contrary to plaintiff's assertions, plaintiff was not automatically transferred to the inactive reserves upon the expiration of his active duty term on February 1, 1997. Pursuant to 10 U.S.C. § 1168, any discharge or release from active duty must be preceded by delivery of a discharge certificate and a final accounting of pay. No such action was taken prior to the Convening Authority approval of his sentence in March 1997. Plaintiff was not released or discharged from active duty; consequently, his sentencing did not violate JAG Manual Subsection 0123 and UCMJ Article 2(d).

Moreover, 10 U.S.C. § 802(a)(7) provides that "persons in custody of the armed forces serving a sentence imposed by a court-martial" are subject to the UCMJ. Rule for Courts–Martial (RCM) 202(c)(1) provides that once court-martial jurisdiction attaches, "such jurisdiction shall continue for all purposes of trial, sentence and punishment, notwithstanding the expiration of that person's term of service." In *Smith v. Vanderbush*, 47 M.J. 56, 58 (1997), the United States Court of Appeals for the Armed Forces noted that "RCM 202 makes clear that the authority to retain an individual on active duty is discretionary and not self-executing." Therefore, no legal authority compels the military to change plaintiff's duty status after the general court-martial's judgment.

■ Even if plaintiff's status were changed to inactive, the Convening Authority's approval of his sentence was valid. Plaintiff's case was affirmed on direct appeal, and all court orders and action taken pursuant to court-martial proceedings are final and binding unless set aside by the proper appellate authority. 10 U.S.C. § 876. An interceding change in status does not invalidate the Convening Authority's action. *United States v. Speller*, 24 C.M.R. 173, 178, 1957 WL 4734 (1957); *see also Steele v. Van Riper*, 50 M.J. 89, 91 (C.A.A.F.1999) (issuance of an administrative discharge after trial does not affect the Convening Authority's power or responsibility to act upon the findings and sentence of the court-martial). Finally, the Government continues to possess jurisdiction over a service member who, at the end of an enlistment contract, is confined as a result of a court-martial conviction. *See* 10 U.S.C. § 802(a); RCM 202(c)(1); *Gorko v. Commanding Officer, Second Air Force, Shreveport, La.*, 314 F.2d 858, 860 (10th Cir. 1963) (rejecting claim that expiration of the enlistment contract affected military jurisdiction) (citing *Carter v. McClaughry*, 183 U.S. 365, 383, 22 S.Ct. 181, 46 L.Ed. 236 (1902)). Plaintiff was serving on active duty when he was tried, convicted, and sentenced by the general court-martial on December 5, 1996, and was confined prior to the end of his active duty pending discharge. The existence of continuous military jurisdiction ensured that the Convening Authority's approval of his sentence after plaintiff's active duty enlistment expired was lawful.

Alternatively, even if plaintiff were an inactive reservist, he had no right to military pay or allowances. An inactive reservist is due compensation for duties actually performed, or duties that would have been performed but for disability, illness, or disease. *See Banks v. Garrett*, 901 F.2d 1084, 1087

(Fed.Cir.1990); *Huber v. United States,* 29 Fed.Cl. 260, 263 (1993). Plaintiff was serving a sentence for larceny, robbery, and assault. Under these circumstances, he did not perform any military service during this period and, consequently, is not entitled to pay or allowances. *See* 37 U.S.C. §§ 204, 206 (providing that reserve members must perform service to receive pay).

## II. Back Pay

■ Plaintiff claims entitlement to back pay from December 19, 1996, when his pay was forfeited, until such time as a "valid" Convening Authority approves his general court-martial sentence. 10 U.S.C. § 857, as amended, provides that "[a]ny forfeiture of pay or allowances ... that is included in a sentence of a court-martial takes effect on the earlier of A) the date that is 14-days after the date on which the sentence is adjudged; or B) the date on which the sentence is approved by the convening authority." Prior to the 1996 amendment, the statute provided that "[n]o forfeiture may extend to any pay or allowances accrued before the date on which the sentence is approved by the person acting under section 860(c) of this title." Put simply, the amended statute allows forfeiture of pay prior to sentencing approval, while the pre-amended statute did not. *See United States v. Gorski,* 47 M.J. 370, 371 (C.A.A.F. 1997) ("Prior to the 1996 addition, [the UCMJ] only authorized forfeitures that were adjudged by a court-martial and subsequently approved by a convening authority ... in 1996, however, Congress decided that the effective date should be the earlier of the date of the convening authority's action or 14 days after the date sentence was adjudged").

Plaintiff argues that application of the amended statute is unconstitutional, claiming it has a "materially prejudicial *ex post facto* effect," because he allegedly committed crimes prior to the amendment, and because the "ramifications and effects" of the amendment did not occur until years after he entered into the pre-trial agreement. Plaintiff relies on *Gorski,* in which the United States Court of Appeals for the Armed Forces held that application of the amended forfeiture statute violated the Constitution's *Ex Post Facto* Clause[2] because Gorski's crimes had been committed before the effective date of the amendment. 47 M.J. at 375. However, *Gorski* did not address the amendment's application to cases involving crimes committed before and after the effective date of the amended statute. Two years later, the court in *United States v. Augustine,* 51 M.J. 294, 1996 CAAF LEXIS 289 (C.A.A.F. January 5, 1999), clarified that the holding in *Gorski* did not apply to service members convicted of offenses committed both before *and* after the effective date of the amendment:

> On consideration of the certified issue which asks whether Article 57(a), Uniform Code of Military Justice, 10 U.S.C. § 857(a), operates in violation of the Ex Post Facto Clause of the Constitution, where appellee committed at least one offense after the effective date of the statute, we note that one of the three offenses of which appellee was convicted ... was committed after the effective date of the amendment to Article 57(a), UCMJ, 10 U.S.C. § 857(a). The sentence included total forfeitures.... Because the military justice system employs unitary sentencing where one sentence is imposed for all offenses before the court-martial and the maximum sentence for this offense would support application of Article 57(a)(1) on its own ... enforcement of this Code provision did not violate the Ex Post Facto Clause.

*Augustine,* 51 M.J. 294, 1999 CAAF LEXIS 289, at *1 (internal citations omitted); *see also United States v. Smith,* 49 M.J. 269, 270 n. 1 (C.A.A.F.1998).

In this case, three of the five crimes to which plaintiff pleaded guilty were committed after the effective date of the amendment. Plaintiff pleaded guilty to committing robbery and assault on June 8, 1996, and to stealing military property on August 5, 1996. Based on the reasoning of *Augustine,* plaintiff's *ex post facto* challenge is rejected. Each of these offenses is punishable by total forfeiture of all pay and allowances. 10

---

**2.** Article I, Section 9 of the United States Constitution, commonly referred to as the *Ex Post Facto Clause,* states that "No Bill of Attainder or ex post facto law shall be passed."

U.S.C. §§ 921, 922, 928. Under the unitary sentencing system employed by military courts-martial, plaintiff received one sentence, which included forfeiture of all pay and allowances. Pursuant to amended Section 857, those forfeitures became effective on December 19, 1996, fourteen days after his sentencing.

Plaintiff further argues that application of the amended statute would be unlawful in this case because the court-martial judge improperly invoked the pre–1996 version of Section 857 when accepting his plea. The record reveals that the military judge at the general court-martial proceeding informed plaintiff that "[a]s a result of Article 58(b) of the Uniform Code of Military Justice, any *approved* court-martial sentence" would result in forfeiture of all pay and allowances during the period of confinement. Pl.'s Resp.Attach. 2 (emphasis added). As a general rule, a plaintiff must exhaust military remedies before he can obtain collateral review in any civilian court. *See Noyd v. Bond,* 395 U.S. 683, 694–98, 89 S.Ct. 1876, 23 L.Ed.2d 631 (1969); *see also Cooper v. Marsh,* 807 F.2d 988, 991 (Fed.Cir.1986) ("In order to satisfy the exhaustion doctrine, [plaintiff] must have given the military courts an opportunity to pass upon the claims he now asserts as bases for attacking his court-martial"); *see also Martinez v. United States,* 914 F.2d 1486, 1488 (Fed.Cir.1990) ("absent a showing of good cause and prejudice, an appellant's failure to raise his constitutional claims in the military court system bars him from raising them in federal court"). This requirement applies for any alleged violation of the Constitution, statutes, or military regulations. *Williams v. Secretary of the Navy,* 787 F.2d 552 (Fed.Cir. 1986).

Plaintiff has produced no evidence that he challenged the validity of his plea based on alleged misinformation provided by the military judge. Nor has he made the requisite showing of good cause or prejudice necessary to grant an exception to the exhaustion rule. The Court holds that plaintiff's failure to exhaust his claims in the military justice system bars him from raising them in federal court.

In any event, the record reveals that the military judge referred to UCMJ Article 58(b) when he informed plaintiff that the approved sentence would result in the forfeiture of pay. Article 58(b) requires that "[a] court-martial sentence ... shall result in the forfeiture of pay, or of pay and allowances, due that member during any period of confinement or parole. The forfeiture pursuant to this section *shall take effect on the date determined under section 857(a) of this title*" (emphasis added). As discussed above, Section 857(a), at the time of sentencing, required forfeiture of pay on the earlier date of fourteen days after the sentencing or approval by the Convening Authority. Furthermore, the pretrial agreement states that plaintiff's counsel "fully advised" him of the meaning and effect of UCMJ Article 57 (identical to 10 U.S.C. § 857) and Article 58(b). *Id.* Plaintiff also agreed that he understood that "if the adjudged sentence is subject to any of these provisions [articles 57 and 58(b)], the pre-trial agreement will have no effect on the application of those provisions on the adjudged sentence." *Id.* Because plaintiff has received the benefit of the bargain on which his guilty plea was premised, *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), he is not entitled to relief.

### III. Penalty Interest and/or Just Compensation

Plaintiff contends that he is entitled to penalty interest and/or just compensation for the loss of real property because of his alleged loss of pay and allowances. First, plaintiff claims that he is entitled to penalty interest of 3–4% for every 30–day period prompt payment was not rendered for the aforementioned military back pay, pursuant to 31 U.S.C. § 3902. However, the penalty interest statute on which plaintiff relies is a business contract prompt payment provision and is inapplicable to his case. *See Boers v. United States,* 44 Fed.Cl. 725, 732 (1999) (31 U.S.C. § 3092 does not apply where the agency was not obtaining goods or services from the plaintiff). Although it is unclear from plaintiff's complaint whether he seeks prejudgment interest, defendant is correct

that plaintiff would not be entitled to pre-judgment interest even if he stated a claim for back pay. *See Ulmet v. United States*, 19 Cl.Ct. 527, 537 (1990) (holding that without an express statute or contractual provision providing for interest in military pay cases, the Court of Federal Claims may not grant interest on claims against the United States). In any event, because plaintiff was not deprived of any pay to which he was legally entitled, he is not entitled to any penalty interest. *See Paalan v. United States*, 51 Fed.Cl. 738, 744 (2002) (plaintiff not entitled to retainer pay is not entitled to "penalty interest" for the Navy's failure to timely render pay).

Plaintiff also seeks just compensation or equitable relief for the defendant's withholding of his mandated basic pay and allowances for a period of five to six years. Plaintiff's request for compensation for damages resulting from defendant's alleged failure to pay him must be dismissed because he cannot show the requisite waiver of sovereign immunity. *Bray v. United States*, 48 Fed.Cl. 781, 784 (2001) ("nothing in [the Uniformed Services Basic Pay statute] ... suggests an intent to waive sovereign immunity for damages that result as a consequence of the government's failure to make timely payments"). With regard to plaintiff's claim for equitable relief, this Court's jurisdiction under the Tucker Act does not include actions for such relief. *See Rinner v. United States*, 50 Fed.Cl. 333, 336. (2001) ("general jurisdiction under the Tucker Act does not include an action for 'specific equitable relief.' ") Accordingly, plaintiff's claim for penalty interest and/or just compensation for the loss of real property is denied.

## IV. Declaratory Relief

■ Plaintiff seeks a change in the nature of his discharge from dishonorable to honorable on the ground that the Convening Authority's execution of a "dishonorable" discharge pursuant to 10 U.S.C. § 802(d)(4)(5) was invalid. In addition, plaintiff seeks a change in his military records from active to inactive reserve status as of February 1, 1997.

■ The Court of Federal Claims "may only review determinations of other tribunals where such jurisdiction has been granted by statute ... or in the context of a collateral review of a court-martial determination, when the claim itself is predicated on a money-mandating statute." *Fireman v. United States*, 49 Fed.Cl. 290, 292 (2001) (citing *United States v. Augenblick*, 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537 (1969)). In 1972, Congress empowered this Court to grant collateral relief "incident of and collateral to" a monetary judgment. 28 U.S.C. § 1491(a)(2). The Federal Circuit has held that this Court may not review the substantive merits of military decisions reflected in a service member's record when those determinations do not relate to a monetary claim. *Voge v. United States*, 844 F.2d 776 (Fed.Cir. 1988). In this case, plaintiff is not entitled to any monetary judgment; consequently, his request for changes in his duty and discharge status relating to his monetary claim must also fail.

## V. Discovery

Finally, plaintiff again requests both pre-trial discovery and discovery to allow him to perfect his complaint. Since plaintiff has failed to assert genuine issues of material fact, and the issues raised in his complaint are dismissed as a matter of law, the Court dismisses plaintiff's motion for summary judgment and denies his motion for discovery.

## CONCLUSION

For the reasons discussed above, defendant's 12(b)(6) motion is **GRANTED** and plaintiff's motions for summary judgment and discovery are **DENIED**. The Clerk of Court is directed to dismiss the case. No costs.

**IT IS SO ORDERED.**