William Keith LITZENBERGER,
Plaintiff–Appellant,

v.

The UNITED STATES, Defendant–
Appellee.

No. 95–1423.

United States Court of Appeals,
Federal Circuit.

July 15, 1996.

Hugh J. Bracken, Media, Pennsylvania, argued, for plaintiff-appellant.

Sonia Jaipaul, Assistant United States Attorney, Eastern District of Pennsylvania, Philadelphia, Pennsylvania, argued, for defendant-appellee. On the brief were Michael R. Stiles, United States Attorney, Walter S. Batty, Jr., Chief of Appeals, Assistant United States Attorney, and Pamela Foa, Assistant United States Attorney.

Before ARCHER, Chief Judge, and PLAGER, and CLEVENGER, Circuit Judges.

CLEVENGER, Circuit Judge.

William Keith Litzenberger seeks review of the decision by the United States District Court for the Eastern District of Pennsylvania (the district court) in *Litzenberger v. United States,* Civil Action No. 93–06488, 1994 WL 568486 (E.D.Pa. October 11, 1994). In that decision, the district court held that Mr. Litzenberger received adequate notice that the Federal Bureau of Investigation (FBI) had seized his car and of the procedures by which he could challenge the forfeiture. In addition, the district court decided that forfeiture of Mr. Litzenberger's car was not an excessive fine in violation of his Eighth Amendment rights. Accordingly, the district court granted the government's summary judgment motion and dismissed Mr. Litzenberger's case. We affirm.

I

On February 27, 1993, Mr. Litzenberger and a friend were driving from Pennsylvania to New York to buy tickets for a Grateful Dead concert. While stopping at a parking lot along the way, they were approached by a New York police officer who had viewed them smoking marijuana. Mr. Litzenberger and his friend admitted to smoking marijuana and consented to a search of the car, during which the police officer found approximately eighteen grams (about two thirds of an ounce) of marijuana. As a result, the police officer arrested Mr. Litzenberger and his passenger for criminal possession of marijuana and impounded Mr. Litzenberger's 1990 Honda Prelude.

On April 27, 1993, Mr. Litzenberger pled guilty to possession of a controlled substance in violation of New York penal law and was fined $490 by the state court. Subsequently, on May 14, 1993, Mr. Litzenberger's car was transferred from the police department to the FBI as part of the Federal Forfeiture Adoption Program. On that same day, and again on May 27th, the FBI sent a notice to Mr. Litzenberger informing him of the situation and explaining the procedure for judicially contesting the forfeiture. Because Mr. Litzenberger failed to judicially contest the forfeiture, the FBI subsequently informed him that it had administratively forfeited his car to the United States government.

On December 6, 1993, Mr. Litzenberger filed a Little Tucker Act lawsuit in the district court claiming that the forfeiture violated the due process clause of the Fifth Amendment of the United States Constitution and the Eighth Amendment's proscription against excessive fines. The district court rejected both arguments, granted summary judgment to the United States, and dismissed the case. Mr. Litzenberger appeals that decision, which we have jurisdiction to review pursuant to 28 U.S.C. § 1295(a)(2) (1994).

II

In order to better understand the procedural interactions in this case, we begin with a brief overview of the statutory forfeiture scheme created by Congress. Mr. Litzenberger's car was forfeited pursuant to the Controlled Substances Act. That Act provides that seizures and forfeitures shall be conducted pursuant to the analogous customs laws. 21 U.S.C. § 881(d) (1994). The customs laws, in turn, provide that for property valued at less than $500,000, the agency must publish notice so that parties claiming an interest can take action. 19 U.S.C. §§ 1607(a), 1608 (1994).

If a party claiming an interest in the property files a claim of ownership and a cost

bond within twenty days, the administrative proceedings come to a halt; the case is transferred to a United States attorney who must then institute judicial condemnation proceedings in a district court. 19 U.S.C. § 1608. If no such claim and bond is filed within twenty days, the property is administratively forfeited to the United States. 19 U.S.C. § 1609. At that point, the only option available. to a party claiming an interest in the property is to seek remission from the agency, which is purely a matter of administrative grace. *See Menkarell v. Bureau of Narcotics,* 463 F.2d 88, 93 (3d Cir.1972).

## A

Mr. Litzenberger's primary argument is that the district court erred in deciding that forfeiture of his car does not constitute an excessive fine in violation of the Eighth Amendment. In response, the government contends that the district court did not have proper subject matter jurisdiction to entertain Mr. Litzenberger's Eighth Amendment claim. Because subject matter jurisdiction is a question of law, we review this issue de novo. *Trayco, Inc. v. United States,* 994 F.2d 832, 835 (Fed.Cir.1993).

Mr. Litzenberger asserts that the district court had subject matter jurisdiction based on the Little Tucker Act. That Act provides, in pertinent part:

(a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:

. . .

(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress . . . in cases not sounding in tort. . . .

28 U.S.C. § 1346(a)(2) (1994).

Although this provision waives sovereign immunity, it does not create any substantive right enforceable against the United States for money damages. *See United States v. Mitchell,* 463 U.S. 206, 216–17, 103 S.Ct. 2961, 2967–68, 77 L.Ed.2d 580 (1983); *Trayco,* 994 F.2d at 837–38. Thus, for a claim to be based on the Little Tucker Act, it must be founded on a provision that can

fairly be interpreted as mandating compensation from the United States. *Mitchell,* 463 U.S. at 216–17, 103 S.Ct. at 2967–68; *Trayco,* 994 F.2d at 837–38.

The government contends that the Eighth Amendment prohibition against excessive fines does not constitute a money mandating provision of the Constitution. We need not pursue that issue, however, because we conclude that the forfeiture statute provides a substantive right for money damages in situations in which a penalty is improperly exacted.

An analogous situation arose in *Trayco,* in which an importer brought suit in district court alleging that the United States Customs Service improperly assessed an import penalty under 19 U.S.C. § 1592(a), (c). *Trayco,* 994 F.2d at 834. As in this case, the government contended that the district court lacked subject matter jurisdiction. *Id.* at 835. This court rejected the government's argument and held that the district court properly exercised jurisdiction under 28 U.S.C. § 1346(a)(2). We explained: "The refund of a penalty improperly exacted pursuant to an Act of Congress is a substantive right for money damages. Thus, Trayco satisfied the requirements for jurisdiction in federal district court under the Tucker Act." *Id.* at 837–38 (citations omitted).

In the present case, Mr. Litzenberger similarly alleges that by forfeiting his car, the FBI improperly assessed and exacted a penalty pursuant to an Act of Congress, namely the Controlled Substances Act. *See* 21 U.S.C. § 881 (1994). In the judicial condemnation proceedings contemplated by that Act, Mr. Litzenberger would be entitled to money damages if a district court concluded that forfeiture of his car would be improper. *See* 19 U.S.C. § 1608 (1994). Therefore, the district court properly exercised jurisdiction under the Little Tucker Act to address the merits of Mr. Litzenberger's claim.

We turn next to the merits of Mr. Litzenberger's claim. As the statutory overview reveals, the scheme established by Congress provides that the exclusive method for transferring administrative forfeiture proceedings to a judicial forum is to file a claim

of ownership and a cost bond. 19 U.S.C. § 1608. Having thus initiated the judicial condemnation proceedings, the party may then assert any substantive arguments they may have for why the property should not be forfeited. The Eighth Amendment prohibition against excessive fines is one such example of available substantive arguments. If the party fails to file a claim and cost bond, however, an essential statutory predicate is absent and the district court should refuse to evaluate the merits of any substantive arguments the party may have.

In the present case, Mr. Litzenberger failed to meet the statutory requirements for asserting his Eighth Amendment claim in a judicial forum. Specifically, the record makes clear that Mr. Litzenberger did not file a cost bond within twenty days. Instead, he merely asserted ownership of the car for the purpose of seeking its remission from the FBI. By his actions, Mr. Litzenberger waived his opportunity to assert his Eighth Amendment claim in a judicial forum. Therefore, the district court erred by evaluating the merits of Mr. Litzenberger's Eighth Amendment claim.

### B

■ Mr. Litzenberger contends that apart from his Eighth Amendment claim, the district court should have decided whether the statutory notice he received was inadequate because it violated the due process clause of the Fifth Amendment.* On this issue, we agree with Mr. Litzenberger.

■ As explained above, Congress has created a scheme which allows interested parties to assert their substantive arguments in a judicial forum. For this option to be meaningful, the interested parties must receive adequate notice informing them of the means by which they can assert their substantive arguments in court. See, e.g., Glup v. United States, 523 F.2d 557, 560 (8th Cir.1975). Accordingly, there exists a longstanding practice, in district courts, to evaluate the adequacy of notice in forfeiture proceedings. United States v. Woodall, 12 F.3d

791, 793–94 (8th Cir.1993). As the United States Supreme Court has stated, the basic Constitutional requirement of due process of law is the right to be heard, and this "right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).

Congress, itself, has recognized and expressly embedded the need for due process within the Controlled Substances Act by requiring that:

> the appropriate [ ] officer shall cause a notice of the seizure of such articles and the intention to forfeit and sell or otherwise dispose of the same according to law to be published for at least three successive weeks.... Written notice of seizure together with information on the applicable procedures shall be sent to each party who appears to have an interest in the seized article.

19 U.S.C. § 1607(a); see also 21 C.F.R. § 1316.75 (1995) (enumerating information which must be included in the notice). Therefore, it was proper for the district court to evaluate the merits of Mr. Litzenberger's due process claim.

In the present case, our review of the record leads us to conclude that the district court correctly decided that Mr. Litzenberger received adequate notice. The letter from the FBI dated May 27, 1993, which Mr. Litzenberger does not dispute receiving, clearly describes his car as a 1990 Honda Prelude, VIN Number JHMBA4152LC011591 and appraises its value at $10,700. In addition, the letter states that it was seized on February 27, 1993 in Cobleskill, New York because it was used to transport a controlled substance in violation of 21 U.S.C. § 881(a)(4). Most importantly, the letter explicitly contains a section entitled "To Contest the Forfeiture" which informs Mr. Litzenberger that "[i]f you want to contest the seizure or forfeiture of the property in court, you must file a claim of ownership

---

* We note that Mr. Litzenberger does not argue that, as a general matter, the statutory scheme on its face violates the due process clause of the Fifth Amendment.

and a bond in the amount of $1,070 with the FBI by July 12, 1993." Based on the clarity of this notice, we agree with the district court that it satisfies Constitutional due process requirements.

### III

In conclusion, if the property owner fails to meet the statutory requirements of filing a claim and cost bond, the district court should not evaluate the property owner's substantive arguments because the owner has failed to state a claim upon which relief can be granted. The district court may, however, determine whether the property owner's failure to comply with the statutory requirements should be excused due to a lack of adequate notice. If the notice is found to have been adequate, the district court should dismiss the case.

In the present case, we agree with the district court that the notice received by Mr. Litzenberger was adequate because Mr. Litzenberger was amply informed of the means by which he could assert his substantive arguments in a courtroom. Having so concluded, the district court should have dismissed the case for failure to state a claim upon which relief could be granted because Mr. Litzenberger failed to meet the statutory requirements for challenging the merits of the forfeiture in a judicial forum. Instead, the district court erred, but harmlessly, by addressing the merits of Mr. Litzenberger's Eighth Amendment claim. We therefore affirm the district court's decision as to Mr. Litzenberger's due process claim, and, albeit on different grounds, its decision as to his Eighth Amendment claim.

AFFIRMED.

No Costs.