114 F.3d 1192
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John GONZALEZ, Defendant-Appellant.
 No. 96-2944.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 28, 1997.*
Decided May 2, 1997.
Rehearing and Suggestion for Rehearing En Banc Denied May 28, 1997.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 Order
 
 1
 John Gonzalez was arrested in 1992 as he tried to buy 5 kilograms of cocaine from an undercover officer. Agents seized the money with which Gonzalez planned to pay for the drug, plus a truck he was driving and a gun he was carrying. Gonzalez was convicted after a jury trial and is now in prison. More than $100,000 in currency was forfeited in two administrative proceedings; the gun was turned over to Gonzalez's wife, and the truck to Ford Motor Credit Corp., which held a lien.
 
 
 2
 More than four years after his conviction, Gonzalez filed a motion in the criminal case under Fed.R.Crim.P. 41(e) demanding return of the money, truck, and gun. The district court denied this motion with respect to the truck and gun, and dismissed it with respect to the currency. Gonzalez's appellate brief does not contest the decision concerning truck and gun, so we concentrate on the currency.
 
 
 3
 Relying on Linarez v. Department of Justice, 2 F.3d 208 (7th Cir.1993), the district judge held that the institution of administrative forfeiture proceedings deprives the federal courts of jurisdiction to entertain complaints about the disposition of the property subject to those proceedings. Gonzalez asks us to overrule Linarez, but there is an antecedent question: whether Linarez applies in the first place. The premise of that case is that the administrative process offers an adequate forum in which to make any available objections to forfeiture. That premise obtains only when the potential claimant has received notice of the administrative proceedings. See United States v. Woodall, 12 F.3d 791, 793 (8th Cir.1993); Litzenberger v. United States, 89 F.3d 818, 821 (D.C.Cir.1996). A person cannot be expected to avail himself of an administrative process he does not know about; as far as such a person is aware, the currency remains in the prosecutor's hands as evidence and will be returned at the end of the case (via a Rule 41(e) motion if necessary).
 
 
 4
 Gonzalez denies that he received notice of an administrative forfeiture, and the district court dismissed these proceedings without determining whether that assertion is correct. The United States has filed in this court evidence implying that Gonzalez did receive notice, but it concedes that this evidence was not before the district judge. Gonzalez wants us to strike the United States' appendix; the prosecutor counters that the case should be remanded so that questions about notice may be resolved. We think the latter course preferable.
 
 
 5
 On remand the district judge should determine whether Gonzalez received notice of the institution of civil forfeiture proceedings. If the answer is "yes," then the Rule 41(e) motion may be dismissed on the authority of Linarez. If the answer is "no," the district court should order the United States to return the money unless it institutes a new civil forfeiture proceeding within a specified time. (We note that the United States does not contend that a Rule 41(e) motion is an improper way to present this claim, or that Gonzalez waited too long to file the motion.)
 
 
 6
 VACATED AND REMANDED.
 
 
 7
 RIPPLE, Circuit Judge, concurring in part and dissenting in part.
 
 
 8
 In my view, a fair reading of the submissions of both parties leads to the conclusion that the seizure of the Ford truck is also contested at this stage of the litigation. That understanding is consonant with the case law of this circuit. See United States v. Solis, 108 F.3d 722, 22-23 (7th Cir.1997) (noting that the government can be liable for seized property that is lost or destroyed). If the court means to limit its remand order to the seized money, I respectfully dissent on the appropriateness of such a limitation. In all other respects, I concur in the order of the court.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)