PER CURIAM.
 

 Annie Lou Crocker appeals the judgment of the United States Court of Federal Claims, No. 95-CV-696, dismissing her claim for lack of subject matter jurisdiction. We affirm.
 

 Background,
 

 The Scott County, Mississippi, Sheriffs Department seized $132,349.69 in currency and United States savings bonds during a search of the residence of Annie Lou Crocker and her husband. The Sheriffs Department delivered the currency and bonds to the Drug Enforcement Agency so that the agency could institute forfeiture proceedings. In accordance with regulations established under the Controlled Substances Act, 21 U.S.C. § 881(a)(6) (1994) (“Act”), including 21 C.F.R. § 1316.75, the agency published no
 
 *1476
 
 tices of intended forfeiture and mailed notices to potentially interested parties, including Crocker. In accordance with 21 C.F.R. § 1316.75(b), Crocker was notified that she had 20 days from the date each notice was first published to file a claim to the property along with a cash bond or an affidavit of indigency. The agency contends that it received Crocker’s claim after the established time period. Therefore, it administratively forfeited her bonds.
 

 Crocker filed suit in the Court of Federal Claims, requesting that she be awarded just compensation for the agency’s wrongful seizure and forfeiture of her bonds without due process and without providing just compensation. The court determined that Crocker could not adjudicate her due process claim there because it would require equitable enforcement, a remedy available only in a district court. The Court of Federal Claims also determined that for Crocker to establish jurisdiction in that court over the takings claim, she would have to concede the lawfulness of the seizure and the forfeiture, and that she would have to limit her remedy to just compensation — which is not “the real gravamen of’ her dispute. Instead, the court identified the basis of Crocker’s complaint as a challenge to the procedural propriety of the agency’s forfeiture of her property; either as a violation of statutory or procedural rights, or as an unlawful exaction. The court held that it lacked jurisdiction to hear the merits of the dispute, as properly framed, and dismissed it on the government’s motion for summary judgment. Crocker appeals.
 

 Discussion
 

 We review judgments of the Court of Federal Claims as to its subject matter jurisdiction for error of law.
 
 James M. Ellett Constr. Co. v. United States,
 
 93 F.3d 1537, 1541 (Fed.Cir.1996). A claim may be brought in th§ Court of Federal Claims under the Tucker Act, codified in relevant part at 28 U.S.C. § 1491 (1994), by which Congress has explicitly consented to suit and waived sovereign immunity, but only when a substantive right to money damages is- otherwise provided.
 
 United States v. Mitchell,
 
 463 U.S. 206, 216-17, 103 S.Ct. 2961, 2967-68, 77 L.Ed.2d 580 (1983);
 
 United States v. King,
 
 395 U.S. 1, 2-3, 89 S.Ct. 1501, 1501-02, 23 L.Ed.2d 52 (1969). These suits include those “founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.” 28 U.S.C. § 1491(a)(1).
 

 The Court of Federal Claims correctly concluded that it does not have jurisdiction to hear Crocker’s due process or seizure claims under the Fifth Amendment to the United States Constitution.
 
 LeBlanc v. United States,
 
 50 F.3d 1025, 1028 (Fed.Cir. 1995) (no jurisdiction over a due process violation under the Fifth and Fourteenth Amendments);
 
 Florida Rock Indus., Inc. v. United States,
 
 791 F.2d 893, 898-99 (Fed.Cir. 1986) (the Tucker Act does not create jurisdiction in the Court of Federal Claims for a party contesting the propriety of a taking);
 
 see also
 
 21 U.S.C. § 881(a) (when subject to forfeiture, “no property right shall exist in ... [a]ll moneys, negotiable instruments, securities, or other things of value____”). Having ruled out her constitutional claims, the only remaining basis for jurisdiction that Crocker asserted was that the agency violated her statutory and procedural rights to notice. Once again, the trial court correctly held that it lacks the general federal question jurisdiction of the district courts, which would allow it to review the agency’s actions and to grant relief pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701-706 (1994).
 

 Reasoning
 
 sua sponte
 
 from
 
 Litzenberger v. United States,
 
 89 F.3d 818 (Fed.Cir. 1996) , the Court of Federal Claims also considered and rejected the possibility that it had jurisdiction to resolve Crocker’s claim as an unlawful exaction. Because the Tucker Act does not provide any substantive rights,
 
 Mitchell,
 
 463 U.S. at 216-17, 103 S.Ct. at 2967-68;
 
 United States v. Testan,
 
 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976), Crocker’s ability to bring a claim in the Court of Federal Claims turns on whether the Controlled Substances Act, 21 U.S.C. § 801 et seq. (1994), creates “a substantive right for money damages in situations in
 
 *1477
 
 which a penalty is improperly exacted.”
 
 Litzenberger,
 
 89 F.3d at 820.
 

 Litzenberger
 
 held that the Little Tucker Act vests a district court with jurisdiction to review the forfeiture of a car under the Controlled Substances Act.
 
 Id.
 
 Crocker also seeks specific relief, namely the recovery of identified property and monies, an action that is equitable in nature and sharply distinguishable from an action at law for damages.
 
 See, e.g., Bowen v. Massachusetts,
 
 487 U.S. 879, 893-94, 108 S.Ct. 2722, 2732, 101 L.Ed.2d 749 (1988). The relief that Crocker wants requires that a district court evaluate the adequacy of notice provided before the agency ordered her assets forfeited, and it requires that the reviewing court fashion equitable relief if any is called for. The Tucker Act provides jurisdiction in the Court of Federal Claims to recover “exactions said to have been illegally imposed by federal officials (except where Congress has expressly placed jurisdiction elsewhere).”
 
 Aerolineas Argentinas v. United States,
 
 77 F.3d 1564, 1572-73 (Fed.Cir.1996) (citing
 
 South Puerto Rico Sugar Trading Corp. v. United States,
 
 167 Ct.Cl. 236, 334 F.2d 622, 626 (1964)). Congress has unambiguously allocated these judicial activities to the district courts.
 
 See
 
 28 U.S.C. § 1355(a) (1994);
 
 United States v. King,
 
 395 U.S. at 2-3, 89 S.Ct. at 1501-02. Thus, while
 
 Litzenberger
 
 can be read as recognizing the district courts’ jurisdiction over a forfeiture of seized property or money under the Controlled Substances Act, it does not suggest the Court of Federal Claims has similar subject matter jurisdiction.
 

 Conclusion
 

 Accordingly, the judgment of the Court of Federal Claims is affirmed.
 

 AFFIRMED.