Gregory A. SMITH, Plaintiff–Appellant,

v.

UNITED STATES, Defendant–Appellee.

No. 01–1146.

United States Court of Appeals,
Federal Circuit.

July 10, 2003.

Before MAYER, Chief Judge,
NEWMAN and LOURIE, Circuit Judges.

PER CURIAM.

Gregory A. Smith seeks review of the September 29, 2000, judgment of the United States District Court for the District of Massachusetts dismissing his complaint. *Smith v. United States,* No. 98–10607–MLW (D.Mass. Sept. 29, 2000). Because the district court did not have jurisdiction over Smith's Little Tucker Act claim and correctly rejected his related claims, we *affirm.*

We review summary judgment by a district court that is based in whole or in part on the Little Tucker Act, 28 U.S.C. § 1346(a)(2) (2000), *de novo. Litzenberger v. United States,* 89 F.3d 818, 820 (Fed. Cir.1996). Where a plaintiff fails to timely file a claim to prevent administrative forfeiture of property, a district court, in reviewing a claim based on the Little Tucker Act, may only review the adequacy of notice. *See Vereda, Ltda. v. United States,* 271 F.3d 1367, 1375 (Fed.Cir.2001). Smith argues that the district court had jurisdiction because he never received a forfeiture notice of the money seized from him.

However, the government must only provide notice that is "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action." *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Smith's argument fails because the government's actions were reasonably calculated to notify him of the forfeiture; it mailed notices to Smith's address of residence and the correction facility where he was in custody, and advertised the forfeiture in a Massachusetts newspaper of general circulation for three successive weeks. *See Dusenbery v. United States,* 534 U.S. 161, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002) (rejecting the argument that an effective administrative forfeiture requires actual receipt of notice).

Smith also argues that the district court erred in rejecting his tort claims. However, the district court properly determined that Smith's tort claims are barred by the exceptions to the waiver of sovereign immunity outlined in 28 U.S.C. § 2680. *See United States v. Neustadt,* 366 U.S. 696, 701–02, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961) (noting that misrepresentation is barred under 28 U.S.C. § 2680(h)); *Ysasi v. Rivkind,* 856 F.2d 1520, 1524 (Fed.Cir.1988) (noting that 28 U.S.C. § 2680(c) applies to seizures by Federal law enforcement officers).