Kenneth WAYNE for MYHUB GROUP, LLC, real party in interest, and Christian Oesch, pro se, Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 10–472C.

United States Court of Federal Claims.

Dec. 10, 2010.

476

Kenneth Wayne and Christian Oesch, pro se plaintiffs.

Robert C. Bigler, Washington, DC, with whom was Assistant Attorney General Tony West, for defendant.

## ORDER

CHRISTINE O.C. MILLER, Judge.

This matter is before the court after briefing on Defendant's Motion To Dismiss filed on October 20, 2010, for lack of subject matter jurisdiction. Plaintiffs, proceeding *pro se*, filed their complaint on July 23, 2010, seeking redress for unlawful taking by the Government of property in which they hold an interest. Argument is deemed unnecessary.

## FACTS

The United States instituted two civil forfeiture actions under 18 U.S.C. § 981 (2006), which authorizes forfeiture of any real property that is involved in a money-laundering offense. *See* 18 U.S.C. § 981(a)(1)(A), (C) (2006). Plaintiff Christian Oesch filed a motion to intervene in *United States v. 2 North Adams Street, Quincy, Florida 32351, et al.*, Civ. Act. No. 08–2205(RMC) (D.D.C. filed Dec. 19, 2008). His motion was denied for lack of standing, *United States v. 8 Gilcrease Lane, Quincy, Fla. 32351, et al.*, Civ. Act. No. 08–1345(RMC), 2009 WL 2408414 at *1 (D.D.C. Aug. 4, 2009), and on January 4, 2010, the court entered a judgment of default and order of forfeiture, *2 N. Adams St. et al.*, Civ. Act. No. 08–2205(RMC), slip op. at 3–4 (D.D.C. Mar. 30, 2010). An appeal was dismissed on September 14, 2010. *United*

*States v. 2 N. Adams St., Quincy, Fla. 32351, et al.,* No. 10–5168 (D.C.Cir. Sept. 14, 2010). In a second civil forfeiture, *8 Gilcrease Lane, et al.,* Civ. Act. No. 08–1345(RMC) (D.D.C. Jan. 4, 2008), a default judgment and final order of forfeiture was entered on January 4, 2010.

Plaintiffs' challenge took the form of presenting claims issued by Tina M. Hall, a notary public in the State of Washington to officials associated with the forfeitures. Ms. Hall issued "Certificates of Default" on February 16, 2010, against these government officials for failure to respond to plaintiffs' claims "in admiralty." At this point the complaint deteriorates into rambling.

Plaintiffs filed their complaint in the United States Court of Federal Claims on July 23, 2010, and pleaded an unlawful taking of the forfeited property based on the notices of default.

As an initial matter, this court notes that, during the course of briefing on defendant's motion, defense counsel has suffered the opprobrium of plaintiffs' aspersions and disparagement, including charges of unethical practices. Defendant charitably characterizes this argument as "hyperbole," Def.'s Br. filed Nov. 29, 2010, at 2, and the court will lay the matter to rest by denying any request for sanctions that plaintiffs may be making.* However, plaintiffs should be assured that defendant has addressed their complaint with arguments well-recognized in the law as basic jurisdictional challenges. Nor does defendant denigrate plaintiffs by invoking another jurisdictional bar against the corporate plaintiff, the requirement that a corporation be represented by counsel. *See* RCFC 83.1(a)(3).

## DISCUSSION

### I. *Standard of review*

■ While documents filed by *pro se* claimants are "liberally construed," the limited jurisdiction of the Court of Federal Claims will not bend for *pro se* claimants. *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *Kelley v. Dep't of Labor,* 812 F.2d 1378, 1380 (Fed.

Cir.1987) ("[A] court may not similarly take a liberal view of ... jurisdictional requirement[s] ... for *pro se* litigants only."); *see also Sanders v. United States,* 252 F.3d 1329, 1336 (Fed.Cir.2001) (upholding dismissal of breach of contract claim because *pro se* claimant failed to prove jurisdiction). Plaintiffs bear the burden of proving that the Court of Federal Claims "possesse[s] jurisdiction" over their complaint. *Id.* at 1333. Plaintiffs must prove jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988). While the court will "normally consider the facts alleged in the complaint to be true and correct," *id.* at 747, "if [plaintiffs'] allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, [plaintiffs] must support them by competent proof," *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Daimler-Chrysler Corp. v. United States,* 442 F.3d 1313, 1318 (Fed.Cir.2006) ("[I]t is settled that a party invoking federal jurisdiction must, in the initial pleading, allege sufficient facts to establish the court's jurisdiction.").

■ The Tucker Act, codified at 28 U.S.C. § 1491(a)(1) (2006), confers jurisdiction on "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." The court's statutorily conferred jurisdiction "waives the Government's sovereign immunity for those actions" stated within the Tucker Act, requiring the court to construe that waiver in favor of the Government. *Fisher v. United States,* 402 F.3d 1167, 1172 (Fed.Cir.2005) (en banc); *see, e.g., Radioshack Corp. v. United States,* 566 F.3d 1358, 1360 (Fed.Cir.2009) ("waivers of the United States sovereign immunity are to be construed narrowly."). Because the Tucker Act does not set forth a substantive cause of action, "in order to come within the jurisdictional reach and the waiver of the Tucker Act," plaintiffs must root their claim in another law possessing a "right to money

---

* See Def.'s Br. filed Nov. 29, 2010, at 3 n. 2.

478

damages." *Greenlee Cnty., Ariz. v. United States*, 487 F.3d 871, 875 (Fed.Cir.2007) (quoting *Fisher*, 402 F.3d at 1172).

## II. *Jurisdiction to contest civil forfeitures*

When Congress provides via statute "a 'specific and comprehensive scheme for administrative and judicial review [in a district court],' ... the Court of Federal Claims' Tucker Act jurisdiction over the subject matter covered by the scheme is preempted." *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed.Cir.2001). Congress granted exclusive jurisdiction to federal district courts with respect to "any action or proceeding for the recovery ... of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any act of Congress." 28 U.S.C. § 1355(a) (2006). In *Crocker v. United States*, 125 F.3d 1475, 1477 (Fed.Cir. 1997), the United States Court of Appeals for the Federal Circuit held that claims based on illegal exactions can be brought in the Court of Federal Claims only if Congress has not made an express designation of another court to hear such actions. In other words, "Congress has unambiguously allocated" exclusive jurisdiction to the federal district courts for claims seeing the recovery of property taken pursuant to federal civil forfeiture proceedings. *See id.* Although the Civil Asset Forfeiture Reform Act of 2000, 18 U.S.C. § 981(a)(1)(A), (C), under which the two challenged forfeiture orders were instituted, is not a criminal proceeding, *see United States v. Ursery*, 518 U.S. 267, 288, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996), the plain language of 28 U.S.C. § 1355(c) grants exclusive jurisdiction over civil forfeitures to federal district courts.

In *Trayco, Inc. v. United States*, 994 F.2d 832, 837–38 (Fed.Cir.1993), the Federal Circuit ruled that an action for reimbursement of a penalty assessed by the United States Customs Service lay in federal district court under 28 U.S.C. § 1346(a)(2) (2006), as a money claim within the ambit of the Little Tucker Act. Subsequently, in *Forest Products Northwest, Inc. v. United States*, 453 F.3d 1355, 1360–61 (Fed.Cir.2006), the court limited *Trayco* to its facts, as the Little Tucker Act expressly does not exempt from district court jurisdiction actions within the jurisdiction of the United States Court of International Trade, whereas the Tucker Act does exempt from the Court of Federal Claims' jurisdiction to actions assigned to the Court of International Trade, *see* 28 U.S.C. § 1491(c). The Federal Circuit thus has not ruled that the Tucker Act contemplates jurisdiction over claims based on civil forfeitures. In any event, *Trayco* did not involve a civil forfeiture under 18 U.S.C. § 981.

## III. *Jurisdictional requirement that a corporation appear by counsel*

Plaintiffs' complaint names plaintiff Wayne and MYHUB Group LLC, "real party in interest," as one of the co-plaintiffs. Plaintiffs assert: "Claimant MYHUB GROUP is an association, and Kenneth Wayne is an officer of the association.... MYHUB GROUP is, as a quasi-corporate body, incompetent to speak for itself ...." Pls.' Br. filed Nov. 12, 2010, at 5 (citing RCFC 17(c)(2)). In order to maintain a suit in the Court of Federal Claims, a corporation must be represented by counsel. *Talasila, Inc. v. United States*, 240 F.3d 1064, 1066 (Fed.Cir.2001) (per curiam). Although an individual may represent himself, *see* RCFC 83.1(a)(3), he may not represent a corporation under RCFC 17(c)(2), which applies to minors or incompetent persons. This rule is not unique to suits against the United States. The U.S. Supreme court reaffirmed in *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993), that "a corporation may appear in federal courts only through licensed counsel."

## IV. *Transfer of plaintiffs' complaint*

The transfer statute requires that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court *shall*, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631 (2006) (emphasis added); *see Jan's Helicopter Serv. v. FAA*, 525 F.3d 1299, 1303–04 (Fed.Cir.2008); *Rodriguez v. United States*, 862 F.2d 1558, 1559–

60 (Fed.Cir.1988). The Federal Circuit consistently has understood to "[t]he phrase 'if it is in the interest of justice' [to] relate[ ] to claims which are nonfrivolous and as such should be decided on the merits." *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (Fed.Cir.1987); *cited with approval in LeBlanc v. United States*, 50 F.3d 1025, 1031 (Fed.Cir.1995). The Federal Circuit allows a trial court to order transfer without being asked by either party. *Tex. Peanut Farmers v. United States*, 409 F.3d 1370, 1375 (Fed.Cir.2005).

█ Plaintiffs are seeking to challenge final judgments of forfeiture. As such, they are subject to the bar of the doctrine of res judicata. *See Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed.Cir.2003). Defendant meticulously set forth the Government's presumptive discharge of the proof required of the party asserting the bar. *See* Def.'s Br. filed Oct. 20, 2010, at 5–7. Other than accusing defendant of "grievously misstat[ing] the subject mater of this action," Pls.' Br. filed Nov. 12, 2010, at 3, plaintiffs do not quarrel with defendant's recitation of what the other federal court litigation involved and resolved. In these circumstances transfer would not be in the interest of justice.

## CONCLUSION

Accordingly, based on the foregoing, plaintiffs' request for sanctions against defense counsel is denied, and defendant's motion to dismiss is granted. The Clerk of the Court shall dismiss the complaint without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**