NOTE: This order is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**AUGUSTINE PEREZ,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2011-5129

---

Appeal from the United States Court of Federal Claims in case no. 10-CV-821, Judge Francis M. Allegra.

---

## ON MOTION

---

Before BRYSON, MAYER, and LINN, *Circuit Judges.*

PER CURIAM.

## ORDER

The United States moves to summarily affirm the judgment of the United States Court of Federal Claims dismissing Augustine Perez's complaint.

In September 1988, Perez was pulled over by Virginia state police and arrested for driving under the influence. Along with cocaine and marijuana, the police seized $15,716.00 contained in a briefcase in Perez's car. Perez eventually pled guilty to all state charges.

In November 1988, the FBI seized the money under the Controlled Substances Act, 21 U.S.C. § 881. The FBI published a notice of the forfeiture and Perez filed a claim of ownership.

In 1990, Perez and his co-conspirators were indicted on federal charges of operating a major cocaine distribution business. In December 1990, Perez was convicted on fifteen counts of drug violations. In a related civil forfeiture action that was stayed pending the outcome of Perez's criminal trial, the United States District Court for the Western District of Virginia held that the government had sufficiently demonstrated the monies seized represented the proceeds of drug trafficking and was intended to purchase a controlled substance, and therefore forfeiture was proper. The court's forfeiture order was affirmed by the United States Court of Appeals for the Fourth Circuit.

After several unsuccessful efforts to have the district court's forfeiture order vacated, Perez filed the present case in the United States Court of Federal Claims. Perez's complaint asserted that the seizure violated his due process and civil rights, arguing that there were defects in his forfeiture hearing and that the FBI, the district court judge, and the government attorney conspired to defraud him out of his money.

The Court of Federal Claims dismissed the complaint for failure to state a valid claim for relief. The court explained that Perez's complaint did not assert a claim for money against the government arising out of a money-

mandating statute or the taking clause of the Fifth Amendment, but instead amounted to a collateral attack on the district court's forfeiture ruling and a claim against individuals acting as government officials, over which the court explained it lacked jurisdiction. The court subsequently denied Perez's motion for reconsideration. Perez then filed this appeal seeking this court's review.

The circumstances in *Crocker v. United States*, 125 F.3d 1475 (Fed. Cir. 1997) closely paralleled those of the present case. There the plaintiff similarly sought compensation from the government for an alleged wrongful seizure and forfeiture of money under the Controlled Substances Act. Affirming the Federal Claim's conclusion that it lacked jurisdiction over the case, this court explained any review of a forfeiture of seized property or money must be in the district court, not the Court of Federal Claims. *Id.* at 1477.

Because the same principle applies to this case and because it is clear that Perez failed to assert a claim within the limited jurisdiction of the Court of Federal Claims, we agree with the government that summary affirmance is appropriate. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (summary affirmance of a case "is appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists").

Accordingly,

IT IS ORDERED THAT:

(1) The motion to summarily affirm is granted.

(2) Each party shall bear its own costs.

(3) All pending motions are moot.

FOR THE COURT

APR 0 2 2012
_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:  Augustine Perez
     Lauren S. Moore, Esq.

s19

**FILED**
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

APR 0 2 2012

JAN HORBALY
CLERK