NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CLIFFORD HILAIRE,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2021-2295

---

Appeal from the United States Court of Federal Claims in No. 1:20-cv-02023-MBH, Senior Judge Marian Blank Horn.

---

Decided:  February 9, 2022

---

CLIFFORD HILAIRE, Waldorf, MD, pro se.

ERIC JOHN SINGLEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, DEBORAH ANN BYNUM, PATRICIA M. MCCARTHY.

---

Before NEWMAN, REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

Pro se Appellant Clifford Hilaire appeals a judgment by the U.S. Court of Federal Claims dismissing Hilaire's action for lack of subject-matter jurisdiction. We affirm.

### BACKGROUND

On August 31, 2005, Hilaire enlisted in the United States Air Force for a six-year term as an aerial porter. J.A. 57–59. The record shows that Hilaire, having no prior service record, was entitled to a non-prior service ("NPS") enlistment bonus of $7833.01, which he should have received at the first six anniversaries of his enlistment in the amounts of $1333.33, $1333.33, $1333.33, $1166.34, $1333.33, and $1333.35, respectively. J.A. 91, 100–01.

Hilaire did not receive any NPS enlistment bonus payments. In 2014, he filed a request with the Air Force Board for the Correction of Military Records ("Board"), seeking to receive his bonus payments retroactively. *See* J.A. 52–54. On August 28, 2015, the Board agreed that Hilaire qualified for a NPS enlistment bonus contingent on his submission of an English-translated version of his high school diploma. *Id.* In March 2016, Hilaire submitted the requested diploma. J.A. 63, 69.

On January 13, 2020, Hilaire submitted a new application to the Board seeking to have his bonus distributed to his thrift savings plan ("TSP") account. J.A. 77–78. In April 2020, while that application remained pending, the Air Force informed Hilaire that it could not distribute the money to his TSP account, but that payment would be processed if he provided direct deposit information via Standard Form 1199a. J.A. 75–76. Hilaire refused to provide direct deposit information at that time because he believed that doing so would interfere with his request pending before the Board. J.A. 73–75. Subsequently, in an undated letter, the Board denied Hilaire's request to have his bonus

retroactively applied to his TSP account because the request was "not viable." J.A. 79.

On December 22, 2020, Hilaire initiated this action in the U.S. Court of Federal Claims, seeking an order that the Air Force pay Hilaire his bonus, plus interest, into his TSP account. *See* J.A. 1–5, 20–21. On August 15, 2021, the Court of Federal Claims dismissed the action for lack of subject-matter jurisdiction after determining that: (1) to the extent Hilaire asserts an entitlement to his enlistment bonus, the issue is conceded by the government and moot; (2) Hilaire is not entitled to having the money distributed to his TSP account; (3) Hilaire is not entitled to interest; and (4) to the extent Hilaire brought his action pursuant to the Administrative Procedure Act ("APA"), the Court of Federal Claims lacks jurisdiction. J.A. 1–17. Hilaire appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## STANDARD OF REVIEW

We review the Court of Federal Claims's legal conclusions de novo and its factual findings for clear error. *Casitas Mun. Water Dist. v. United States*, 708 F.3d 1340, 1351 (Fed. Cir. 2013) (citing *Estate of Hage v. United States*, 687 F.3d 1281, 1285 (Fed. Cir. 2012)). Whether the Court of Federal Claims properly dismissed a complaint for lack of subject-matter jurisdiction is a question of law, which we review de novo. *Anaheim Gardens v. United States*, 444 F.3d 1309, 1314 (Fed. Cir. 2006).

## DISCUSSION

Hilaire contends that he is entitled to have his enlistment bonus deposited into his TSP account because he elected to designate TSP contributions in 2016 and because he submitted his high school diploma to the Air Force in March 2016. Appellant's Br. 9–10. According to Hilaire, he is entitled to this specific relief pursuant to the APA

because the Air Force has taken an unreasonable amount of time to pay Hilaire his bonus. *Id.*

Whether Hilaire is entitled to retroactively receive his bonus *into his TSP account* depends on his TSP contribution elections for the years in which he would have received the bonus payments, not the year in which he submitted his diploma. 5 C.F.R. § 1605.13(b)(1) ("The participant will be entitled to make up contributions for the period covered by the back pay award or retroactive pay adjustment only if for that period . . . [t]he participant had designated a percentage of basic pay to be contributed to the TSP."). The record shows that Hilaire made no TSP elections for the first six years of his service, i.e., the years he should have received his NPS enlistment bonus payments. J.A. 80–82. Consequently, Hilaire is not entitled to retroactive deposits into his TSP account. *See* 5 C.F.R. § 1605.13(b)(1).

Additionally, the Court of Federal Claims does not have jurisdiction over APA claims; such claims must be brought before a federal district court. *Lion Raisins, Inc. v. United States*, 416 F.3d 1356, 1370 n.11 (Fed. Cir. 2005) (citing *Crocker v. United States*, 125 F.3d 1475, 1476 (Fed. Cir. 1997) ("[N]o APA review is available in the Court of Federal Claims."). Thus, insofar as Hilaire argues that "[t]his lawsuit was about a review under the Administrative Procedure Act (APA)," Appellant's Br. 10, the Court of Federal Claims properly dismissed this action for lack of subject-matter jurisdiction.

Hilaire maintains that he is entitled to a $15,000 NPS enlistment bonus because in June 2016, the Air Force began processing a bonus of $15,000. J.A. 70. The government speculates this was an administrative error that occurred because the maximum allowable NPS enlistment bonus, according to applicable regulations, had increased from $8000 to $15,000 in October 2005. *See* Appellee's Br. 4 n.2; J.A. 71–72. Hilaire argued before the Court of Federal Claims that he was entitled to the higher

maximum bonus of $15,000 because he attended basic training after October 2005. *See Hilaire v. United States*, 2021 WL 4144994, at *11 (Fed. Cl. Aug. 15, 2021); J.A. 15. However, the maximum bonus to which Hilaire is entitled is based on the date of his enlistment—in this case, August 31, 2005. *See* Air Force Instruction 36-2638, *Air Force Reserve Enlisted Incentives* (Jan. 26, 2005) [hereinafter, AFI 36-2638]; J.A. 91. Based on the statute and regulation in effect on Hilaire's enlistment date, he is eligible for a NPS enlistment bonus no greater than $8000. *See* 37 U.S.C. § 308c (2004) (statute setting maximum of $10,000 for NPS enlistment bonuses, *subject to applicable regulations*); AFI 36-2638 (regulation setting maximum of $8000 for NPS enlistment bonuses).

The record is unclear as to why the Air Force has not paid Hilaire the NPS bonus to which it agrees he is entitled. Apparently, the Air Force should pay Hilaire, promptly, upon his completion of a Standard Form 1199a. Nonetheless, the Court of Federal Claims properly dismissed this case. Hilaire cannot establish any entitlement to a principal bonus greater than $8000, to interest, or to having his bonus paid into his TSP account. The judgment of the Court of Federal Claims is affirmed.

## AFFIRMED

### COSTS

No costs.