NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DIMITAR PETLECHKOV,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2025-1098

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-01789-MRS, Judge Molly R. Silfen.

---

Decided:  October 10, 2025

---

DIMITAR PETLECHKOV, Atlanta, GA, pro se.

REBECCA TAYLOR MITCHELL, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by TARA K. HOGAN, PATRICIA M. MCCARTHY, YAAKOV ROTH.

---

Before TARANTO, STOLL, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

In 2018, Dimitar Petlechkov was convicted of mail fraud in the United States District Court for the Western District of Tennessee. In the follow-on criminal forfeiture proceedings, the district court awarded the United States a money judgment. In 2023, Mr. Petlechkov sued the United States in the United States Court of Federal Claims (Claims Court), seeking compensation for an alleged Fifth Amendment taking or illegal exaction based on the assertion that the government temporarily seized real property of his that exceeded the value of this money judgment. The Claims Court dismissed the complaint for lack of subject matter jurisdiction. *Petlechkov v. United States*, 173 Fed. Cl. 20 (2024) (*2024 CFC Decision*). We affirm.

I

A

In 2017, Mr. Petlechkov was indicted on twenty counts of mail fraud in the United States District Court for the Western District of Tenneessee and was convicted on all counts in spring 2018. Indictment, *United States v. Petlechkov*, No. 17-cr-20344 (W.D. Tenn. Nov. 14, 2017), ECF No. 2 (*Petlechkov*); Verdict Form, *Petlechkov*, No. 17-cr-20344 (W.D. Tenn. Apr. 4, 2018), ECF No. 64. In July 2018, the district court held a forfeiture hearing and entered a money judgment that Mr. Petlechkov must pay the government $367,099.62. Order on Forfeiture Hearing, *Petlechkov*, No. 17-cr-20344 (W.D. Tenn. July 12, 2018), ECF No. 104. The district court issued a preliminary forfeiture order authorizing the government to seize Mr. Petlechkov's assets, including real property, to satisfy the judgment. Preliminary Order of Forfeiture, *Petlechkov*, No. 17-cr-20344 (W.D. Tenn. Aug. 9, 2018), ECF No. 122. Three properties in Atlanta, Georgia, were included: one located on 19th Street, and two located on Peachtree Road. Mr. Petlechkov was then sentenced to thirty-seven months of imprisonment, and the government was awarded

$801,219.02 in restitution in addition to the money judgment. Redacted J., *Petlechkov*, No. 17-cr-20344 (W.D. Tenn. Aug. 31, 2018), ECF No. 132.

Mr. Petlechkov appealed to the United States Court of Appeals for the Sixth Circuit, which (1) vacated conviction on seventeen counts while affirming on the remaining three counts and (2) remanded the case for sentencing and recalculation of the judgment. *United States v. Petlechkov*, 922 F.3d 762, 770–71 (6th Cir. 2019) (*Petlechkov I*). On remand, the district court entered the same money judgment against Mr. Petlechkov and awarded the government the same restitution. Second Amended Redacted Judgment, *Petlechkov*, No. 17-cr-20344 (W.D. Tenn. July 7, 2020), ECF No. 245. The district court issued another preliminary forfeiture order, permitting the government to seize Mr. Petlechkov's real property. Preliminary Order of Forfeiture, *Petlechkov*, No. 17-cr-20344 (W.D. Tenn. July 9, 2020), ECF No. 248 at 2. Mr. Petlechkov appealed, and the Sixth Circuit affirmed the awards. *United States v. Petlechkov*, Nos. 21-5174/5199, 2022 WL 168651, at *4–5 (6th Cir. Jan. 19, 2022) (*Petlechkov II*).

The district court then issued what it deemed a final forfeiture order, which stated that "the United States shall have clear title" to Mr. Petlechkov's three properties and may liquidate the properties to satisfy the money judgment *and* the restitution order. Final Order of Forfeiture, *Petlechkov*, No. 17-cr-20344 (W.D. Tenn. Feb. 14, 2022), ECF No. 306 at 5. According to Mr. Petlechkov in the case now before us, the government then seized his three Georgia properties, on or about March 8, 2022. Complaint, *Petlechkov v. United States*, No. 23-1789 (Fed. Cl. Oct. 10, 2023), ECF No. 1 at ¶ 7 (Complaint). Mr. Petlechkov appealed the final forfeiture order to the Sixth Circuit.

The Sixth Circuit vacated one provision in the final forfeiture order concerning restitution but otherwise upheld the order. *United States v. Petlechkov*, 72 F.4th 699, 706–

07 (6th Cir. 2023), *rehearing denied*, Nos. 22-6043/6044, 2023 WL 5498389 (6th Cir. July 6, 2023) (*Petlechkov III*). Regarding the order's money-judgment provisions: The Sixth Circuit held that Mr. Petlechkov "lost his interest in [the] properties to the extent needed to satisfy the money judgment" because the preliminary forfeiture order was affirmed in *Petlechkov II*, and he, therefore, would not be "injured when the final order disposes of those properties to satisfy the money judgment." *Id.* at 705. Regarding a restitution provision in the final order: The Sixth Circuit ruled that the order failed to identify an authority enabling the district court "to order the sale of property to satisfy a restitution award." *Id.* at 706; *see id.* at 706–07. The Sixth Circuit added: "On remand, the [district] court may reorder the liquidation of the excess property [to satisfy the restitution award] so long as it follows any applicable statutory requirements." *Id* at 707. The Sixth Circuit vacated the provision of the final forfeiture order concerning the liquidation of property to satisfy the restitution award. *Id.* at 711.

On remand, the district court issued an amended final order of forfeiture, authorizing the government to seize Mr. Petlechkov's three Georgia properties to satisfy the money judgment. Amended Final Order of Forfeiture, *Petlechkov*, No. 17-cr-20344 (W.D. Tenn. Sept. 1, 2023), ECF No. 427 at 3–5. The district court determined that the government has "clear title to the subject property and shall dispose of the property according to law." *Id.* at 5.

A week later, Mr. Petlechkov appealed, arguing that the order did not comply with the mandate in *Petlechkov III* because it "did not release property exceeding the forfeiture amount." Order, *United States v. Petlechkov*, No. 23-5803 (6th Cir. June 21, 2024), ECF No. 40 at 4 (*Petlechkov IV*). The Sixth Circuit rejected the premise of the argument and affirmed. It explained that the district court complied with the mandate in *Petlechkov III* by removing the restitution provision, and the forfeiture order

actually did "not forfeit anything in excess of the [ ] money judgment." *Id.* at 6. "The order's reference to the three real properties is purely conditional, stating . . . the government 'shall *be* entitled to forfeiture' of . . . the listed real properties 'up to the value' of the money judgment. [T]he order does not immediately *entitle* the government to the real properties." *Id.* (emphasis in original) (cleaned up). The government may "request forfeiture . . . of the real properties as substitute property" for the money judgment, and "[o]nce entered, an order of forfeiture *itself* forfeits the subject property." *Id.* at 7 (emphasis in original). The Sixth Circuit also noted that Mr. Petlechkov may ask the district court to address any concerns he may have about whether the "government's conduct is inconsistent with the district court's order as [the Sixth Circuit has] interpreted it" because the district court "retain[ed] jurisdiction" in the amended final forfeiture order to enforce the order. *Id.* at 8 (alterations in original) (internal citations omitted). The Sixth Circuit added that it was "express[ing] no view on whether there exist any statutory bases for the government to seize or otherwise restrain substitute property prior to the entry of an order of forfeiture as to that property." *Id.* at 8 n.1.

The government moved to amend the final forfeiture order, seeking forfeiture of the 19th Street property and $45,225 of the associated, collected rental revenue. Motion to Amend Final Order of Forfeiture to Forfeit Substitute Assets and for Associated Miscellaneous Relief, *Petlechkov*, No. 17-cr-20344 (W.D. Tenn. Aug. 5, 2024), ECF No. 494. In the motion, the government also sought to release the Peachtree Road properties from government custody to a third-party custodian due to an ownership dispute among Mr. Petlechkov and a third-party claimant. *Id.* at 14. Half a year later, the district court ordered that (1) the government could retain possession of the 19th Street property pending the ruling on the motion to amend the forfeiture order; (2) the government and the third-party claimant

could not market or sell the 19th Street property; and (3) the government must release the two Peachtree properties to the third-party claimant. Order on Government's Motion for Temporary Possession and Other Motions, *Petlechkov*, No. 17-cr-20344 (W.D. Tenn. Feb. 28, 2025), ECF No. 538 at 9–10. Mr. Petlechkov appealed that day. Notice of Appeal from Final J., *Petlechkov*, No. 17-cr-20344 (W.D. Tenn. Feb. 28, 2025), ECF No. 540.

A week later, the district court ordered that Mr. Petlechkov "not pursue any collateral state action" concerning the 19th Street property before the district court ruled on multiple pending motions. Order on Various Motions at 16, *Petlechkov*, No. 17-cr-20344 (W.D. Tenn. Mar. 5, 2025), ECF No. 543. On March 14, 2025, the government announced that it surrendered the Peachtree Road properties. Notice of Compliance with Court Order Regarding Transfer of Possession, *Petlechkov*, No. 17-cr-20344 (W.D. Tenn. Mar. 14, 2025), ECF No. 547. Mr. Petlechkov has since filed multiple appeals regarding the Georgia properties.

B

Mr. Petlechkov filed the present action in the Claims Court on October 10, 2023, after the amended final forfeiture order but before the Sixth Circuit's ruling on appeal from that order. *See 2024 CFC Decision*, 173 Fed. Cl. at 23. Mr. Petlechkov asserted a takings claim under the Fifth Amendment or, alternatively, a claim of illegal exaction, seeking compensation from the government for (1) the value of seized property in excess of the district court's money judgment and (2) the associated rents collected and rental revenue forgone. The government moved to dismiss the action for lack of subject matter jurisdiction. The government argued that the district court had exclusive jurisdiction over claims arising from a criminal forfeiture proceeding under 28 U.S.C. § 1355; the Claims Court lacked jurisdiction to review the decisions of the district

court; and Mr. Petlechkov had not conceded the validity of the government's actions as an asserted precondition to recovering on a takings claim.

On August 21, 2024, the Claims Court dismissed Mr. Petlechkov's case for lack of subject matter jurisdiction because the Claims Court cannot review the "district court's and Sixth Circuit's determinations." *2024 CFC Decision*, 173 Fed. Cl. at 24–25 (citing *Allustiarte v. United States*, 256 F.3d 1349, 1351–52 (Fed. Cir. 2001)). The Claims Court observed that it may also lack jurisdiction to review Mr. Petlechkov's claims under 28 U.S.C. § 1355(a), a jurisdictional statute, but declined to decide the issue. *2024 CFC Decision*, 173 Fed. Cl. at 25. The Claims Court noted that Mr. Petlechkov may seek relief before the district court. *Id.* at 26.

Mr. Petlechkov timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

II

We review the dismissal for lack of jurisdiction de novo because the Claims Court based its decision on undisputed material facts. *Banks v. United States*, 741 F.3d 1268, 1275 (Fed. Cir. 2014). The Claims Court is a court of "limited jurisdiction." *United States v. Testan,* 424 U.S. 392, 397–98 (1976) (internal citations omitted). The jurisdictional statute of relevance here is the Tucker Act, which gives the Claims Court jurisdiction over monetary claims against the United States "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). For two related reasons, we hold that the Claims Court correctly dismissed for lack of jurisdiction.

It is a well-established principle that the Claims Court (which is not an Article III court) lacks "jurisdiction to

review the decisions of district courts[.]" *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994); *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352 (Fed. Cir. 2015). "Article III forbids the Court of Federal Claims, an Article I tribunal, from reviewing the actions of an Article III court[.]" *Boise Cascade Corp. v. United States*, 296 F.3d 1339, 1344 (Fed. Cir. 2002). The Claims Court "cannot entertain a taking claim that requires the court to scrutinize the actions of another tribunal." *Id.* (internal quotation marks deleted); *see Vereda Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001); *Allustiarte*, 256 F.3d at 1352.

Adjudicating Mr. Petlechkov's claim here could readily call on the Claims Court to resolve disputes about the scope and correctness of rulings of the district court and possibly of the Sixth Circuit, including future rulings in the ongoing proceedings. The parties' filings reflect such disputes, the resolution of which could easily bear on what was seized, under what authority, and with what consequences. *Cf. Jenkins v. United States*, 71 F.4th 1367, 1373–74 & n.4 (Fed. Cir. 2023) (whether takings liability is present may take account of relation of government action to "valid and lawful forfeiture proceedings"). Indeed, as of the date the government's brief was filed, the government explained that the criminal forfeiture proceedings remained underway and Mr. Petlechkov has filed several appeals concerning the Georgia property, which Mr. Petlechkov does not dispute. Government Br. at 11 & n.7, 17. Mr. Petlechkov also does not dispute that he petitioned the district court for relief, related to the government's seizure, that overlaps with the relief he seeks before the Claims Court. Government Br. at 17; Complaint at ¶¶ 23–25. Accordingly, the case more closely resembles *Vereda* and *Allustiarte*, where we found no jurisdiction, than it does *Boise Cascade*, where we found jurisdiction because the claim did "not require the trial court to review the district court's actions." *Compare Vereda*, 271 F.3d at 1375 *and Allustiarte*, 256 F.3d at 1352,

*with Boise Cascade*, 296 F.3d at 1344. Exercising Tucker Act jurisdiction here "would circumvent the statutorily defined appellate process and severely undercut the orderly resolution of claims." *Shinnecock*, 782 F.3d at 1353.

Relatedly, in various circumstances where a "specific and comprehensive scheme" for review of a matter is provided by Congress outside the Tucker Act, the Claims Court's "Tucker Act jurisdiction over the subject matter covered by the scheme is preempted." *Vereda*, 271 F.3d at 1375 (internal citations omitted); *see also United States v. Bormes*, 568 U.S. 6, 12–13 (2012). That principle covers this particular matter, given the Sixth Circuit's ruling about the availability of at least some relief from the district court in this matter, reflected in the ongoing proceedings in the district court and Sixth Circuit. *See Petlechkov IV*, at 8 (citing *United States v. Ford*, 64 F. App'x 976 (6th Cir. 2003) (analyzing "assessment and crediting of interest on seized [property] that was not ordered forfeited")); *see also 2024 CFC Decision*, 173 Fed. Cl. at 26 ("[T]he district court does have jurisdiction to hear Mr. Petlechkov's request for damages as a result of an alleged due process violation[.]").

We have previously determined that the Claims Court lacks jurisdiction over a civil (in rem) forfeiture of property, *Vereda,* 271 F.3d at 1375; *Innovair Aviation Ltd. v. United States*, 632 F.3d 1336, 1345 (Fed. Cir. 2011), and we have at least suggested a similar conclusion about a criminal forfeiture, *Crocker v. United States*, 125 F.3d 1475, 1477 (Fed. Cir. 1997). And here, the claimant is a party to the criminal forfeiture proceeding, in which relief may be sought.

The foregoing reasons suffice to reject subject matter jurisdiction. We need not address the government's additional rationale concerning acceptance of the validity of the government action at issue as a precondition to a taking suit to recover compensation for the action. Nor need we consider another question not raised before us—whether

jurisdiction in the Claims Court is barred by 28 U.S.C. § 1500, which addresses certain situations in which a closely related claim is simultaneously pending in another forum. *See, e.g., United States v. Tohono O'odham Nation*, 563 U.S. 307 (2011); *Resource Investments, Inc. v. United States*, 785 F.3d 660 (Fed. Cir. 2015).

### III

We affirm the Claims Court's dismissal for lack of subject matter jurisdiction.

The parties shall bear their own costs.

**AFFIRMED**
